Gabrielli, J.
(concurring). I cannot subscribe to the majority’s limited analysis, for I firmly believe that the court should simply affirm the determination of the Supreme Court on remand, without further comment. While I agree that the search of defendant’s jacket is indeed justified under the automobile exception to the warrant requirement based, as the majority opinion rationalizes, upon Federal constitutional grounds (Arkansas v Sanders, 442 US 753; United States v Chadwick, 433 US 1; Carroll v United States, 267 US 132) (p 53), I can see no reason for relying solely upon this rationale in light of the clear *56 holding and conclusion of the Supreme Court that the search in this case was proper because it was incident to a lawful custodial arrest.
When this case was previously before our court, a majority held that the search of defendant Belton’s jacket by the arresting officer could not be justified as incident to his lawful arrest. On appeal, the Supreme Court reversed and held that the search was justified upon this very ground, concluding that no invasion of defendant’s Fourth Amendment rights took place. Now, on remand, the majority expressly rejects the rationale articulated by the Supreme Court, under, the banner of our Státe Constitution, and upholds the search leading to defendant’s conviction upon an independent rationale not addressed or mentioned by the majority on the previous appeal in this court. I find this procedure to be untenable for several reasons.
First, I find it anomalous that the majority would justify the search of Belton’s jacket under the automobile exception to the warrant requirement, using an analysis which relies entirely upon Federal constitutional principles (see Arkansas v Sanders, supra; United States v Chadwick, supra; Carroll v United States, supra), when on the prior appeal the majority struck down the search of defendant’s jacket altogether. The court could have upheld defendant’s conviction on the initial appeal on the basis of the automobile exception to the warrant requirement, but by then reversing defendant’s conviction the majority necessarily flatly rejected the application of the automobile exception to these facts.
More fundamentally, I question the propriety of the majority^ interpretation of section 12 of article I of our State Constitution in a manner differing from the Supreme Court’s interpretation of the Fourth Amendment of the United States Constitution. To be sure, the States are free to grant protections to their citizens beyond those within the scope of the Bill of Rights (see Oregon v Hass, 420 US 714). Thus, conceivably, the provisions of our State Constitution may impose greater restrictions on police activity than are imposed by the Federal Constitution. However, the mere fact that our State Constitution might establish greater restrictions on police activity does not compel the *57 conclusion that it does establish such greater restrictions. Indeed, although this court has the power to interpret our own State Constitution, it may not fashion restrictions upon otherwise legitimate and acceptable police activity unless these restrictions are embodied within the clear terms of our Constitution. Our power to interpret the State Constitution is not tantamount to the power to legislate.
The operative language of section 12 of article I of our State Constitution is identical to the language of the Fourth Amendment to the United States Constitution. Recently, by an unanimous court in People v Ponder (54 NY2d 160), we held that this identity of language supports a policy of uniformity of interpretation. In fact, we there stated: “section 12 of article I of the New York Constitution conforms with the Fourth Amendment regarding the proscription against unreasonable searches and seizures, and this identity of language supports a policy of uniformity in both State and federal courts”. Particularly in view of this circumstance, I fail to see any basis upon which to renounce the sound rationale articulated by the Supreme Court in the present case.
Moreover, wholly apart from the power ostensibly assumed by both the majority and dissent to reject the analysis of the Supreme Court, I perceive no justifiable reason for doing so. In formulating its conclusion that upon the lawful custodial arrest of the occupant of an automobile, a police officer may, as a contemporaneous incident to that arrest, search the passenger compartment of that automobile, the Supreme Court endeavored to create a workable rule for an area theretofore enveloped in confusion. The court noted that “[w]hen a person cannot know how a court will apply a settled principle to a recurring factual situation, that person cannot know the scope of his constitutional protection, nor can a policeman know the scope of his authority.” (New York v Belton, 453 US 454, 459-460.) The majority, by its decision to reject the theoretical underpinnings of the Supreme Court’s holding in this case, leaves the citizens and law enforcement officials of New York in a state of continued confusion. The task of discerning the differing limits of permissible police conduct in regard to automobile searches under the Fed *58 eral and State Constitutions is a burden which we should not place upon our citizens or our law enforcement officials at this juncture, particularly when one of our goals in this area should be to create workable and understandable rules which adequately protect the rights of our citizens while assuring effective administration of the criminal law. In this area involving rapidly unfolding roadside encounters, there should not be two apparently inconsistent rules with respect to the police officer’s power to search. If the police officer obeys the mandate of the Fourth Amendment to the Federal Constitution, his actions should not be held to be invalid under the State Constitution. Providing the police officer in the field with a consistent, easily followed guideline would certainly enhance the effectiveness of the police and, in the long run, should also provide greater protection for the individual. Mixed and inconsistent signals from the courts would be intolerable and perverse, not only because they create the false impression of judicial irresolution but because confusion often leads to subtle erosion of the rights sought to be protected.
For the reasons set forth herein, I would affirm the order of the Appellate Division and uphold defendant’s conviction.